Judge Graham
delivered the opinion of the Court.
Wigginton and others creditors of Hough, being unable to make their debts by process at law, exhibited 'their several bills against Hough and others to reach his dioses in action, and to subject among other things certain tracts of land to the satisfaction of their demands. Their several suits were consolidated by order of Court.
Of the lands sought to be subjected, -one of them is a tract once owned by J. Q. A. Hall, and which on the one hand, it is insisted, was sold by him to Porter in good faith, whilst on the part of the creditors, it is insisted that the land was paid for by notes fraudulently transferred from Hough to Porter, &c., and that the whole transaction is a fraudulent device to protect *369 Hough’s property, and hinder and delay his creditors. In this state of the controversy, Fairthorne exhibited his petition asking that he be made a party to the controversy. He sets up a purchase and conveyance to him of the legal title to the land under an execution sale against the estate of J. Q. A. Hall. If the statements of his petition are true, the legal title is in him, and he presents such a state of facts as makes it important, if not indispensible, that he should be made a party, not only to do justice to him, but to enable the Court, if the legal title is improperly in him, to divest him of it, and either subject it to sale to satisfy Hough’s creditors, or confirm the title to Porter.
Though oné who is a necessary & proper party may ask to be made such by petition, and his petition rejected, no writ of error lies to the decision of the Court upon that motion until there has been a final decree in the case.
Throop and Johnston for plaintiff; Grigsby and Wickliffe for defendants.
But although it seems as the case is presented in his petition, that the Court should have required the complainants to make him a party, yet as no decree has been rendered in the cause, and as the refusal of the Court, can not be considered a final order, because, although refused at one time, it may be granted on another application, we are of opinion that he has not at this time a right to prosecute an appeal or writ of error, but must wait until there is a final decree, unless in the mean time he shall be made a party, and an opportunity is afforded him to have his title investigated. His writ has been prematurely sued out. It is therefore dismissed.